UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:19-CR-00003 |
| | § | |
| ASHLEY JUDITH SCHAFER (4) | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On October 4, 2019, this case came before the undersigned United States Magistrate Judge for entry of a guilty plea by Defendant, Ashley Judith Schafer to Count One of the First Superseding Indictment. Count One of the First Superseding Indictment alleges that from in or about June 2013, and continuing through on or about December 10, 2018, in the Eastern District of Texas and elsewhere, Defendant Ashley Judith Schafer and others knowingly and willfully conspired and agreed together, and with other persons known and unknown to the Grand Jury, to travel or cause another to travel in interstate and foreign commerce, and to use facilities of interstate and foreign commerce, namely the Internet, cellular telephones, and interstate commercial carriers, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is a business enterprise involved in prostitution in violation of Texas Penal Code § 43.02 (Prostitution) and Texas Penal Code § 43.04 (Aggravated Promotion of Prostitution), and thereafter performed acts

and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18 U.S.C. § 1952(a)(3), all in violation of Title 18 U.S.C. § 371 - Conspiracy to Travel or Cause Another to Travel in Interstate Commerce and to Use Facilities of Interstate Commerce to Promote, Manage, Establish, Carry On, and Facilitate any Unlawful Activity, in violation of 18 U.S.C. § 1952(a)(3).

Defendant entered a plea of guilty to Count One of the First Superseding Indictment into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

    a.    Defendant, after consultation with her attorney, has knowingly, freely, and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

    b.    Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing Defendant personally in open court, the undersigned determines that Defendant's plea is knowing and voluntary and did not result from force, threats, or promises.  See FED. R. CRIM. P. 11(b)(2); and

    c.    Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that her conduct falls within the definition of the crime charged under Title 18 U.S.C. § 371 - Conspiracy to Travel or Cause Another to Travel in Interstate Commerce and to Use Facilities of Interstate

Commerce to Promote, Manage, Establish, Carry On, and Facilitate any Unlawful Activity, in violation of 18 U.S.C. § 1952(a)(3).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. See Factual Basis. In support, the Government would prove that Defendant is one and the same person charged in the First Superseding Indictment and that the events described in the First Superseding Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in Count One of the First Superseding Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of Defendant's plea, the undersigned incorporates the proffer of evidence described in detail in the factual basis and stipulation.

Defendant, Ashley Judith Schafer, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the evidence presented by the Government and personally testified that she was entering her guilty plea knowingly, freely, and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court, conditioned upon a review of the presentence report, accept the Guilty Plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count One of the First Superseding Indictment. Accordingly, it is further recommended that Ashley Judith

Schafer be finally adjudged guilty of the charged offense under Title 18 U.S.C. § 371 - Conspiracy to Travel or Cause Another to Travel in Interstate Commerce and to Use Facilities of Interstate Commerce to Promote, Manage, Establish, Carry On, and Facilitate any Unlawful Activity, in violation of 18 U.S.C. § 1952(a)(3).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. Defendant has the right to allocute before the District Court before imposition of sentence.

Both Parties waived the fourteen (14) day objection period.

**SIGNED this 8th day of October, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE